UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARYL E. DENSMORE,

    Plaintiff,

v.                                         Case No. 2:06-cv-113
                                         HON. R. ALLAN EDGAR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Caryl E. Densmore was born on August 14, 1964, and has prior work experience as a machine operator, truck stop cashier and assistant manager, and warehouse worker. Transcript of Administrative Proceeding at 22, 45, 48, 52, 57 and 233 (hereinafter Tr. at ___). Plaintiff suffered a back injury and stopped working in November of 2001 and underwent surgery in March of 2002. Tr. at 223-224. Plaintiff attempted to return to work in July of 2002, working only five hours a day. Tr. at 224. This attempt to return to work was unsuccessful and Plaintiff maintains she became disabled from work on January 16, 2003. Tr. at 45. The Administrative Law Judge (ALJ) found that Plaintiff was disabled from January 16, 2003, through September 7, 2004, as a result of her back condition. The ALJ further found that as of September 8, 2004, Plaintiff's condition had improved such that she was capable of performing a significant number of jobs in the national economy and was therefore not disabled. Plaintiff challenges the finding of the ALJ that she was capable of returning to work as of September 8, 2004. According to Plaintiff, she remains totally disabled.

The medical evidence of record establishes that Plaintiff injured her back while lifting boxes in November of 2001. Tr. at 81. It was determined that she had a herniated disc and bilateral stenosis at the L4-L5 disc space. Tr. at 81, 84. Surgery was performed on March 8, 2002, by Dr. Rust. Tr. at 84-86. Following the surgery, Plaintiff underwent four months of physical therapy and Dr. Rust indicated that Plaintiff could return to work with a 40-pound weight lifting restriction and she was limited to working five hours a day. Tr. at 111. Plaintiff continued to work and continued physical therapy, but was laid off from work in November of 2002. Tr. at 111, 114. In December of 2002, Plaintiff complained to Dr. Hyatt that she was suffering some back pain. Tr. at 112. Shortly thereafter, Plaintiff returned to Dr. Rust complaining of back pain. Tr. at 180. Dr. Rust sent Plaintiff to see a pain specialist, Dr. Naylor. Tr. at 180. Plaintiff was treated by Dr. Naylor from March of 2003 to September of 2003 with various medications and epidural injections. Tr. at 119-127, 157. Unfortunately for Plaintiff, the treatment did not resolve her complaints and she began to experience pain in her legs as well as in her back. Tr. at 123. An MRI was performed in 2003, which indicated stenosis at L3-L4 and L4-L5 with a disc protrusion. Tr. at 163. Dr. Rust reviewed the results of the MRI and concluded that surgery needed to be performed again. Tr. at 178-179. Dr. Hyatt concurred in Dr. Rust's recommendation for surgery. The surgery was performed in November of 2003. Tr. at 98, 128-133. Following the surgery in December of 2003, Plaintiff had no complaints of back or leg pain and X-rays indicated the surgery was successful. Tr. at 126. Plaintiff informed Dr. Rust in January of 2004 that she was doing "great." Tr. at 175. Plaintiff's pain medications were reduced and Plaintiff was placed on a lifting restriction of 25 pounds and a restriction in bending. Tr. at 175, 202. Dr. Rust indicated that Plaintiff could not go back to her previous work and that she would either need to find a new position or be placed on disability. Tr. at 207. By September of 2004, Dr. Rust noted that Plaintiff's leg pain had disappeared and her back

pain was minimal. Tr. at 203. As a result of her condition, Dr. Rust concluded that Plaintiff could not return to her prior job or any job that involved "heavy lifting, stooping, bending, twisting, etc." Tr. at 203. Dr. Rust suggested that Plaintiff be retrained for another job or that she seek long term disability. Tr. at 203. Dr. Hyatt examined Plaintiff in November of 2004, and concluded that she had a normal gait and a negative straight leg raising test. Tr. at 207-208. Dr. Hyatt suggested that Plaintiff's condition could be improved by physical therapy. Tr. at 207-210. Dr. Hyatt limited Plaintiff to lifting or carrying 15 to 20 pounds and indicated that Plaintiff was not capable of repetitive bending, twisting, stooping or overhead work, and that it was necessary that she work with a sit/stand option. Tr. at 210.

Plaintiff filed her application for disability benefits on December 22, 2003. Tr. at 45-47. Plaintiff's request for disability benefits was denied initially and thereafter Plaintiff requested a hearing before an ALJ. A hearing was held before an ALJ on September 2, 2004, at which Plaintiff and a vocational expert testified. Tr. at 218-237. After the hearing, the ALJ received reports from Dr. Rust and Dr. Hyatt, as indicated above. On April 20, 2005, the ALJ issued a decision finding that Plaintiff was disabled from January 16, 2003, through September 7, 2004. According to the ALJ, after September 7, 2004, Plaintiff was capable of performing a limited range of sedentary work. Relying upon the testimony of a vocational expert, the ALJ found that Plaintiff was not disabled as of September 8, 2004, as there were significant jobs in the local economy which Plaintiff could perform. On June 2, 2005, Plaintiff filed a request with the Appeals Council for a review of the ALJ's decision. Accompanying this request for a review were three exhibits, a report from Dr. Naylor dated May 10, 2005, a letter from Dr. Rust dated March 29, 2005, and the June 3, 2005, request for review. Tr. at 212-217. The Appeals Council denied Plaintiff's request for a review on February 14, 2006. Therefore, the ALJ's decision stands as the final decision of the Commissioner.

Section 405(g) of Title 42 of the United States Code establishes that the findings of the ALJ are conclusive if those findings are supported by substantial evidence. This Court's review is limited to "determining whether there is substantial evidence in the record to support the findings." *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 851 (6th Cir. 1986). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the Courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This Court cannot reverse the Commissioner's findings simply because there is substantial evidence in the record which might support a different conclusion. This court is not to review the record *de novo*, and does not make findings of credibility.

The Commissioner is required to follow a four-step analysis in reviewing a claim for disability benefits. That analysis requires that the Commissioner first consider whether or not the claimant is presently employed. If not employed, the Commissioner considers whether or not the claimant suffers from a severe impairment. The third step requires that the Commissioner identify whether the impairment meets or is medically equal to a listed impairment as defined by the Social Security Administration. The fourth step requires that the Commissioner consider whether the claimant has the residual functional capacity to perform his or her former work. The fifth and final step requires the Commissioner to consider whether or not the claimant has the residual functional capacity to perform any other substantial gainful employment. The burden of proof as to this fifth step is with the Commissioner. *See Preslar v. Secretary of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994). The Commissioner is permitted to rely upon the testimony of a

vocational expert in determining whether or not the claimant has a residual functional capacity to perform other substantial gainful activity which exists in the national economy. The testimony of the vocational expert must rely upon an accurate understanding of the claimant's physical and mental impairments.

The medical evidence of record as outlined above establishes that there is substantial evidence to support the Commissioner's findings as reflected in the ALJ's decision of April 20, 2005. The ALJ did not have before him the report from Dr. Naylor dated May 10, 2005, and the letter from Dr. Rust dated March 29, 2005, when the decision was issued. Based upon the evidence of record before the ALJ, I find that the decision is within the "zone of choice" and should not be interfered with by this Court. Plaintiff argues that the evidence submitted to the Appeals Council supports her request that this Court reverse the decision of the ALJ. This Court may not review evidence that was not available to the ALJ when considering whether or not there is substantial evidence to support the ALJ's conclusion. *See Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992). This Court may review such evidence to determine whether or not a remand to the agency is appropriate under Sentence Six of 42 U.S.C. § 405(g). *See Kline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1986). Plaintiff has not sought Sentence Six review and this Court can consider such a request waived. *See Masterson v. Barnhart*, 309 F.3d 267, 273, n.3 (5th Cir. 2002). As the defendant points out in her brief, this new evidence may support a new claim for benefits, but is not relevant to whether or not there is substantial evidence to support the findings of the ALJ in this case.

Accordingly, it is respectfully recommended that this Court find that there is substantial evidence to support the finding of the Commissioner. Therefore, Plaintiff's request for an award of benefits should be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   August 13, 2007